## William H. Stevens v. Jeffrey Corbitt.

*Railroad: Voluntary subscriptions: Completion of the road.* Where a party promises to contribute in aid of a proposed railroad, it would be implied as a condition, in the absence of express conditions, that the road should be constructed and operated; and upon this being done within a reasonable time, where no time was fixed, the promise would become operative and binding, and the party making it could not thereafter repudiate it.

*Promises in aid of proposed railroad: Company organized.* The fact that a company was organized to build the road, at the time the promise was made, or that even in the absence of such a promise the road would have been built, would not defeat the promise.

*Railroads: Voluntary subscriptions: Conditional promises: Completion of road: Condition performed.* Where such a promise is made to some one necessarily connected with or interested in the work being done, for the benefit of the company that has begun, or is about to undertake the work, then, upon completion of the work, or upon the performance of the conditions upon which the promise was made, the liability of the promisor becomes complete; there are also cases where expense is incurred or an obligation created under the promise, where a like liability would follow.

*Conditional promises: Performance of condition: Reliance on the promises.* In all such cases the fair inference is, that the work was done or the expense or liability incurred in reliance upon the subscription or promise.

*Voluntary subscriptions: Interest.* An allowance of interest on such a subscription from the date of the completion of the road, where the promise was to pay one year after its completion, and nothing is expressed about interest, is error.

*Conditional promise: Uncertain event: Interest: Demand: Suit brought.* An agreement to pay within one year from the happening of an uncertain event ought not to bear interest, in the absence of any express promise to pay interest, until after demand, or where no demand was made, until suit brought.

*Heard January 12.    Decided April 11.*

Error to Montcalm Circuit.

*M. C. Palmer* and *Lemuel Clute,* for plaintiff in error, argued that the declaration averred a promise based on an executed consideration, and that to support a promise grounded on a past consideration it must appear that the consideration moved at the request of the promisor: *Comstock v. Smith, 7 Johns., 87; Parker v. Crane, 6 Wend., 647;* and a mere voluntary courtesy to the defendant will not support an after-made promise: *1 Smith's L. C., 265-7.*

Notwithstanding the words "value received," it was

competent to show there was in fact no consideration: *Os-good v. Bringolf, 32 Iowa, 265; Jerome v. Whitney, 7 Johns., 321; Colbath v. Jones, 28 Mich., 280; People v. Howell, 4 Johns., 226; Fink v. Cox, 18 Johns., 145.*

While a promise to pay a railroad company a specified sum of money on condition of its building a certain road in a specified time, may in some cases, on performance of the condition, be clothed with a valid consideration which related back to the promise and thereby became a valid and binding contract, it must be made to appear not only that the offer made by the promise was accepted by performance, but also that the performance was in reliance upon the promise; and the acceptance and performance must be by the promisee.

If the contract be treated as a subscription, it must be shown the road was constructed by the promisee in reliance on the promise: *People v. Taylor, 2 Mich., 253; Underwood v. Waldron, 12 Mich., 73 ;* and the declaration should have averred the promise to be to give so much to build the road, and that the offer was accepted, and the road built relying on the offer: *Utica, etc., R. R. Co. v. Brinckerhoff, 21 Wend., 141.*

*George A. Smith* and *Blanchard & Bell,* for defendant in error.

MARSTON, J:

Plaintiff in error executed and delivered an instrument in writing, of which the following is a copy:

"$321 00.                    STANTON, Mich., July 8, 1872.

"For value received, I promise to pay to the order of H. H. Smith, Esq., three hundred and twenty-one dollars, one year from the time when the railroad proposed to be built on some point on Detroit, Lansing and Lake Michigan Railroad, not more than five miles from the station of that company in Ionia, north to Stanton, shall be open, and

trains shall pass over it to and from Stanton to said point of junction; the said road, under present or future to be formed organization, to be called 'The Ionia, Stanton and Northern Railroad;' provided work be commenced on said road within forty days, and that said trains are run thereon by the first of May, A. D. 1873.

"WILLIAM H. STEVENS."

This agreement was afterwards properly assigned to the defendant in error, who commenced an action in March, 1875, to recover the amount claimed to be due thereon.

The court found that H. H. Smith in July, 1872, was superintending the D., L. & L. M. R. R. Co., and was the active business man in building the Ionia, Stanton & Northern Railroad, and was president of both roads; that all the terms and conditions of the agreement, as to the time, manner, etc., of building the road, had been fulfilled, and that trains were running regularly over it to and from Stanton to the junction and Ionia station about the 28th of April, 1873. Judgment was rendered in favor of Corbitt for the principal, with interest thereon from April 28, 1873.

A question was raised as to the form and effect of the written assignment made by Smith; also, whether it could be said that trains were running regularly over the road while the engine had to back one way for want of a turn-table at Stanton. We do not, however, find any error in the ruling of the court upon these, or some other questions that were raised, and we do not consider them of sufficient general importance to discuss them at present.

It was insisted that the organization of the company and building the road did not affect this agreement; that in order to entitle the plaintiff to recover, it must appear either that there was some promise or agreement to build the road, made to Stevens as a consideration for his promise, or that the company went on and built the road in reliance upon Stevens' promise to pay, and it is insisted that there was no evidence given tending to bring the case within either of these propositions.

Where a party promises to contribute in aid of such an

improvement, in the absence of express conditions, it would be implied as a condition, that the road should be constructed and operated, and upon this being done within a reasonable time, where no time was fixed, the promise would then become operative and binding, and the party making the promise would not thereafter be at liberty to repudiate it. The fact that a company was organized to build the road at the time the promise was made, or that even in the absence of such a promise the road would have been built, would not be sufficient to defeat it. The mere fact that a company is organized to build a road does not necessarily insure the work being done, or so make it the duty of the company to commence work, or complete the road, that a promise to assist by voluntary contributions would necessarily be without consideration and void.

Many private enterprises, of a *quasi* public nature, already commenced, or in contemplation, are largely dependent upon private, voluntary subscriptions to carry on and complete the work. Where such a promise is made to some one necessarily connected with, or interested in the work being done, for the benefit of the company about to, or which may have undertaken the work, then, upon completion of the same, or upon the performance of the conditions upon which the promise was made, the liability of the promisor becomes complete. There are also cases where expense is incurred, or an obligation created under the promise, where a like liability would follow.

In all such cases the fair inference is, that the work was done, or the expense or liability incurred, in reliance upon the subscription or promise, and the person making the same would not be permitted thereafter to withdraw his offer. "In such case the question is not properly whether there is any consideration for the agreement, but whether there is any agreement at all."—*Underwood v. Waldron, 12 Mich., 90; Comstock v. Howd, 15 Mich., 242.* This question is fully discussed in *Underwood v. Waldron.*

The court allowed interest from the time the road was

completed, viz. : April 28, 1873. There is no express prom-
ise to pay interest, and according to the express terms of
the contract the principal does not become due until one
year from the time the road proposed should be open and
trains pass over it. This, under the finding of the court,
would make the principal become due April 28, 1874. If
Stevens was liable to pay interest at all, it could only be
computed from this latter date.

It may be questionable whether under the facts in this
case interest could be allowed except from the time a
demand was made ; and if none was made, then from the
time of the commencement of the suit. In *Beardslee v.
Horton, 3 Mich., 564,* it was said, "when credit is given
for a specified or indefinite time, interest is not allowable in
the absence of a special agreement to pay interest ; but after
the expiration of the time in the one instance, and a demand
in the other, interest is allowed." At the time this agree-
ment was given, the time when it would become due, if at
all, was indefinite. True, there was a time fixed within
which, if trains were not running, it never should become
due, but within the limit there fixed the time was indefinite ;
it depended upon the happening of an event which might
not occur at all, and if it did, was so uncertain that we
think a demand should have been made, or Stevens, in some
way, notified that the conditions had been performed, and
that his obligation had become due and payable.

The plaintiff in the court below was, under the finding,
entitled to recover the amount of the note, with interest
thereon from the date of the commencement of suit. As
to all over this amount, the judgment must be reversed, and
affirmed as to the residue, the plaintiff in error to recover
his costs in this court.

The other Justices concurred.