Marston, J.:
Several of the questions raised were disposed of when this ■case was here before, — 33 Mich., 32. Such as were not will now be considered.
It is insisted that under the proviso in § 2298 Comp. L., the plaintiff could not recover unless it appeared that the “^municipal and individual aid and stock subscribed amounted to six thousand dollars per mile. This might be so had the note in question been given for stock. It appeared upon the trial that defendant Wright became a stock subscriber to the amount Of one thousand dollars, in the N. C. M. R. R. Co., in 1869; that the note in question was given in July, 1871, and was by defendant claimed to have been given in payment of his stock subscription, and also as an additional stock subscription; while on the part of the plaintiff it was claimed the note was given in aid of the road, and that Wright, at the time he gave it, knew he would not be entitled to any stock. Upon this branch of the case the court so charged the jury that they must have found against the claim of the defendant in order to have found a verdict, as they did, for the plaintff; this being so, was it necessary for the plaintiff to bring himself within the terms of the proviso in order to recover?
The first section of the statute provides for the organization of the company, and the filing of its articles of association; the second makes a certified copy of such articles presumptive evidence, and adds: “And as soon as the articles of association, as well as any articles amendatory thereto, are filed as above provided, the company filing the same may at once pro *330 ceed to construct, operate and maintain its railroad or any section thereof, and to exercise the proper powers and privileges, and to accept such municipal or individual aid as may he pledged for such purpose, and also to levy and collect such assessments upon the stock subscribed for such purpose as said company shall determine: Provided, That the amount of such municipal and individual aid, together with the stock actually subscribed, shall be at least six thousand dollars for each mile of the road to be constructed.”— Comp. L., § 2298. It is very-clear that this proviso does not limit or qualify all the preceding portion of the section which we have quoted. To so hold would be to prevent the company from proceeding to construct, operate and maintain its railroad until the stock subscriptions and aid amounted *to six thousand dollars per mile. But worse than this, it could not accept municipal or individual aid pledged to it to construct its road unless the amount of such aid, with the stock subscriptions, should be six thousand dollars per mile. This certainly cannot be the correct construction. Under any view we may take of this proviso, we think the company would have the right to accept of such individual aid as might be offered to it, whether the amount so offered, with stock subscriptions and aid from other sources previously received, amounted to the statutory sum of six thousand dollars or not. This proviso must be considered merely as a qualification of that which immediately precedes it, viz.: the right to levy and collect assessments upon the stock subscribed. While subscriptions to the capital stock of a railroad company, to be binding, could only be made in the manner pointed out by the statute, for very obvious reasons, as set forth in Carlisle v. Saginaw Valley, etc., R. R. Co., 27 Mich., 318, no such considerations arise in the case of individual aid. We are not aware of any statute or rule of law which prevents individuals from aiding railroads in any manner they may consider proper. The aid offered may be with or without conditions. If no conditions at the time the note was given were attached to it, and no false inducements or fraudulent representations were made by those who obtained it, then it ought to be treated like any similar *331 agreement made between individuals, and enforced according to its terms. If injustice is tbe result, it must be attributed, not to tbe law, but to the lack of wisdom in tbe party at tbe time be gave bis obligation.
There is no force in tbe objection that there was no legal consideration to support tbe note: Stevens v. Corbitt, 33 Mich., 458; nor is there any thing in tbe transfer of tbe note to plaintiff of which tbe defendant has a right to complain.
There was no error in refusing defendant’s fourth, fifth, seventh, and eighth requests. The court in charging the jury had very fully and fairly gone over the entire ground * embraced in these requests, and having done so, a refusal to repeat the same thing in the language of counsel, we have repeadedly held, would not be error.
. As we discover no error in the record, the judgment must he affirmed, with costs.
The other justices concurred.