THOMAS *v.* SOUTH HAVEN & EASTERN RAILROAD CO.

1. CONTRACT—CONSTRUCTION OF SIDE TRACK—CONSIDERATION.

  Where defendant railroad company verbally agreed to construct a side track alongside plaintiff's building if he would move it to land owned by him near defendant's track, and repair and remodel it so as to make it suitable for a warehouse, and he did so, the expense incurred by plaintiff was a sufficient consideration to sustain the contract, though plaintiff, at the time defendant's promise was made, did not agree to remove and remodel the building.

2. STATUTE OF FRAUDS—CONTRACT NOT TO BE PERFORMED WITHIN ONE YEAR.

  An agreement to lay a side track by plaintiff's building, if plaintiff would repair and remodel the building, and move it to a certain point, may be performed within a year, and hence is not within the statute of frauds.   (3 Comp. Laws, § 9515.)

Error to Van Buren; Carr, J.   Submitted October 4, 1904.   (Docket No. 2.)   Decided October 18, 1904.

Assumpsit by Wesley J. Thomas against the South Haven & Eastern Railroad Company for breach of a contract to construct a side track.   There was judgment for plaintiff, and defendant brings error.   Affirmed.

*Samuel H. Kelley*, for appellant.

*Thomas J. Cavanaugh*, for appellee.

CARPENTER, J.   Plaintiff recovered a verdict and judgment in the court below for the nonperformance by defendant of its alleged contract to construct a side track alongside of plaintiff's warehouse.  Plaintiff's testimony tended to prove that defendant, acting through its general manager, verbally agreed to construct the side track in question if plaintiff would move to a piece of land near its track, owned by him, a large building situated remote therefrom, and repair and remodel the same so as to make it suitable for a warehouse; that he at once removed, repaired, and remodeled the building; and that defendant refused to construct the side track as agreed.   Defendant denied the making of this agreement.   The issue was submitted to a jury, who, as above stated, rendered a verdict in plaintiff's favor.

We are asked to reverse this judgment on the ground that, according to plaintiff's testimony, there was no consideration for the alleged contract.   This point is not well taken.   The expense incurred by the plaintiff in removing, repairing, and remodeling the building was the consideration, and it was a sufficient consideration.   See *Sanford* v. *Huxford*, 32 Mich. 313; *Stevens* v. *Corbitt*, 33 Mich. 458; *People* v. *Taylor*, 2 Mich. 253.

In announcing this conclusion, we overrule defendant's contention that this consideration was insufficient because plaintiff did not, at the time of defendant's promise, *agree* to remove, repair, and remodel the building.

"It is not necessary that the consideration should exist at the time of making the promise, for, if the person to whom the promise is made should incur any loss, expense, or liability in consequence of the promise, and relying upon it, the promise thereupon becomes obligatory.   Thus if A. promises B. to pay him a sum of money if he will do a particular act, and B. does the act, the promise thereupon becomes binding, although B. at the time of the promise does not engage to do the act." *People* v. *Taylor*, supra.

See, also, *Stevens* v. *Corbitt*, supra.

The contract in suit might have been performed within one year after it was made, and therefore it is not, as de-

fendant contends, within the terms of section 9515, subd. 1, 3 Comp. Laws, which makes void every verbal agreement "that by its terms is not to be performed in one year from the making thereof." See *Detroit, etc., R. Co.* v. *Forbes*, 30 Mich. 165.

Nor was the verdict, in our judgment, contrary to the weight of evidence or excessive.

The judgment is affirmed, with costs.

The other Justices concurred.