359 P.2d 397

**SALT LAKE CITY, a Municipal Corporation of the State of Utah, Plaintiff and Appellant,**

v.

**TAX COMMISSION OF UTAH, Defendant and Respondent.**

**No. 9347.**

Supreme Court of Utah.

Feb. 10, 1961.

James L. Barker, Jr., and Jack L. Crellin, City Attys., Salt Lake City, for appellant.

Walter L. Budge, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., for respondent.

HENRIOD, Justice.

From a judgment declaring Chap. 111, Laws of Utah 1959[1] constitutional, Salt Lake City appeals. Affirmed.

The City urges that Chap. 111, 1) does not clearly state the subject matter of the act in its title, as required by Art. VI, Sec.

---

1. Passed March 12, 1959, effective May 12, 1959. (Title 59–14–71, U.C.A.1953, 1959 Pocket Supplement, p. 195.)

23, Utah Constitution,[2] 2) that its requirement that the City withhold state income taxes due from employees, is a) a violation of due process,[3] and b) subjects the city to constitutionally·prohibited involuntary servitude.[4]

■ As to 1) : The title in question, so far as pertinent here, reads: "An Act * * Providing for the *Deduction and Withholding* of Individual Income Tax from Wages Paid by Employers to *Resident* Employees; and Providing for the *Reimbursement* of Expenses in Inaugurating and Administering the *Withholding* Provisions of This Act."[5] In the body of the act there is no provision for the reimbursement of employers for withholding and remitting the tax. There is an appropriation made to take care of the "necessary expenses of administering the withholding provisions of this act to June 30, 1961" part of which was earmarked to the tax commission and part to the finance commission. Included were expenses such as "necessary tabulating devices and cards, auditing and clerical services, forms, stationery, stamps and print-

ing." Unconstitutionality is urged because of the definition of the words. It is suggested that "reimbursement" in the title connotes a payment back of something already due, it being claimed that nothing was due at the time of passage of the act, and that "appropriation," as used in the act was meant to apply to expenses to be incurred after May 12th, effective date of the act. Therefore the act is unclear, it is asserted.

■ We think that a reading of the whole title and of the whole act, and particularly the language quoted above, may be an indictment of legislative articulation, but not of legislative intent. It seems only reasonable that the legislature intended the appropriation to defray expenses of administering the act by the tax and finance commissions until the legislation reasonably became operable, and that to attach to the words used the hypertechnical significance urged by the City would be to cast the legislature in the role of lexicographer,—an ascribed personality with which legislatures generally have not been blessed,—or cursed.

2. "Except general appropriation bills, and bills for the codification and general revision of laws, no bill shall be passed containing more than one subject, which shall be clearly expressed in its title."
3. Art. I, Sec. 7, Utah Constitution: "No person shall be deprived of life, liberty or property, without due process of law." Amendment XIV, Sec. 1, U. S. Constitution: " * * * nor shall any State deprive any person of life, liberty, or property, without due process of law * *."

4. Art. I, Sec. 21, Utah Constitution: "Neither slavery nor involuntary servitude, except as a punishment for crime, whereof the party shall have been duly convicted, shall exist within this State." Amendment XIII, Sec. 1, U. S. Constitution: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."
5. Emphasis ours.

# 362

We think the objection voiced cannot hurdle the familiar rules of statutory construction having to do with reading legislation in a light favoring constitutionality, and of resolving doubts to support, not defeat the legislation.[6] The incidental argument that since the act applies to employees generally, "resident" employees, found in the title of the act, not being defined or existing in the body of the act, makes the act obscure and the legislative intent uncertain, is subject to the same sort of reasonable statutory construction, and we think no one could have been misled by the use of that word in the title, particularly when another and not inconsistent act covered withholding as to "non-resident" employees,[7] Chap. 111, Laws of Utah 1959 being but an additur to previous legislation. Any argument as to failure to set out the whole of the act because Chap. 111 was an amendatory act[8] fails because of the additive, not amendatory feature of the Chapter.

■ As to 2): We believe and hold that a) no due process problem is involved

here. Our Constitution[9] provides for the creation, and possible elimination of cities. We have indicated that cities are the creatures and agencies of the state, which latter possesses plenary power over them.[10] It would be paradoxical to say that such offspring could force their parents to exercise no regulation or restraint or incidental burden over or upon their operation, not constitutionally interdicted;[11] and b) as to any involuntary servitude phase of this case, the constitutional provisions against such status uniformly have been held to be an outgrowth of slavery and applies to individuals,[12] not cities that are claimed to be forced into involuntary servitude by a requirement that they withhold income taxes from their employees, part of which tax ultimately inures to the cities' benefit by distribution through state agencies for statutory purposes.

■ As to counsel's argument that the act makes collection of the tax unconstitutionally confiscatory, no statistics as to cost of administration that might reflect

6. Sutherland, Statutory Construction, Vol. 1, 3rd Ed., Sec. 1704; Edler v. Edwards, 34 Utah 13, 95 P. 367.
7. Chap. 124, Laws of Utah 1957 (Title 59–14–71, 1959 Pocket Supplement).
8. Art. VI, Sec. 22, Utah Constitution: "* * * and no law shall be * * * amended by reference to its title only; but the act as revised, or section as amended, shall be re-enacted and published at length."
9. Art. XI, Sec. 5, Utah Constitution: "The legislature by general laws shall provide for the incorporation, organization and classification of cities and towns in proportion to population, which laws may be altered, amended or repealed."
10. Ritholz v. City of Salt Lake, 3 Utah 2d 385, 284 P.2d 702, and authorities therein cited.
11. We know of no constitutional provision that specifically prevents the legislature from enacting tax laws and imposing taxes for the welfare of the state generally and cities incidentally that would prevent a requirement that cities reasonably aid in collection of such taxes.
12. In re Slaughter House Cases, 16 Wall. 36, 21 L.Ed. 394; 48 C.J.S. p. 766.

such confiscation are to be found either in the record or in counsel's brief. We assume that counsel would not expect this court to take its word as to such an important challenge, sans figures to support it. The argument anent this phase of the case properly is addressable by its proponents to the electorate as an invitation to change the personnel and philosophy of the legislature, and not to a suggestion of judicial legislation by the courts.

WADE, C. J., and CALLISTER, Mc-DONOUGH and CROCKETT, JJ., concur.