## BINKOWSKI *v.* TECH PLAZA, INC.

1. CORPORATIONS—SECRETARY'S AUTHORITY TO SIGN NOTE—PRESIDENT OF ONE-MAN CORPORATION.
   Authorization to secretary of corporation to sign corporate note to plaintiffs as payees, given by president and sole stockholder of so-called *1-man corporation,* bound the corporation.

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur, Corporations §§ 908, 909.
[2] 7 Am Jur, Bills and Notes § 232 *et seq.*

2. BILLS AND NOTES — CONSIDERATION — WANT OF CONSIDERATION — SHARE OF COST OF WATER MAIN PROJECT.

A considerational detriment for defendant corporation's promissory note was sustained by plaintiffs upon their payment of the corporation's share of water main project and receipt of the note for the amount paid on the corporation's behalf, hence, defense of want of consideration came too late after the installation of the main, there being no fraud or mistake so far as the plaintiff payees were concerned, and the ultimate question then being whether or not there was any agreement at all.

Appeal from Macomb; Carroll (Howard R.), J. Submitted January 10, 1963. (Calendar No. 25, Docket No. 49,723.) Decided February 7, 1963.

Assumpsit by Edward Binkowski and Helen Binkowski against Tech Plaza, Inc., a Michigan corporation, for sums due on promissory note. Directed verdict and judgment for plaintiffs. Defendant appeals. Affirmed.

*Riseman, Lemke & Piotrowski,* for plaintiffs.

*Dickinson, Wright, McKean & Cudlip,* for defendant.

PER CURIAM. Plaintiffs as payees sued defendant as maker on a promissory note calling for payment of $5,298.44. The note was executed and delivered to plaintiffs June 24, 1960, and became due December 31, 1960. The signature of the maker points up the pleaded defense and the reviewable questions. It reads "Tech Plaza, Inc., by Henry A. Zdrodowski, Sec'y."

The proceeds of the note were paid by plaintiffs direct to one Gamalski. Gamalski was a land developer. He, with plaintiffs and 2 others, owned adjacent frontage totaling several hundred feet on the south side of Twelve Mile road, in the city of

Warren. Such frontage was opposite 1,352 feet of frontage owned by defendant. Gamalski had taken it upon himself to collect what seem to have been agreed contributions of the frontage owners to defray the contracted cost of installation of 1,206 feet of new water main extending along the south side of Twelve Mile road opposite and between the respective frontages. The main was promptly installed.

Plaintiffs advanced Tech Plaza's allegedly agreed share of the cost pursuant to and in reliance upon this letter (and the note delivered the ensuing day):

"TECH PLAZA, INC.

Ralph Futernick, Pres.        8829 Van Dyke Ave.
Henry A. Zdrodowski, Sec'y.      Detroit 13, Mich.
June 23, 1960

Mr. Edward Binkowski
20125 Stotter Avenue
Detroit 34, Michigan
*Dear Mr. Binkowski:*
"Please be advised that I discussed the possibilities of running the 1,206 foot water line plus accessories down Twelve Mile road from Van Dyke to Arsenal, with Ralph Futernick. We would like to join you in this venture but find it impossible to pay one half of the total cost of $10,498.88 which amounts to $5,298.44 at this time.

"If you wish to proceed with the project at this time and pay the entire amount, we will be happy to go along provided however, that you allow us until December 31, 1960, to reimburse you for our share of the cost which we do agree to pay on or before December 31, 1960.

"Yours truly,<br>*Henry A. Zdrodowski, Sec.*"

Defendant's affirmative defenses are indicated below. At conclusion of jury trial the trial judge directed a verdict in favor of plaintiffs for the amount of the note plus interest. The defendant, a

so-called "1-man corporation" headed by Mr. Futernick as president and sole stockholder (other than nominal), appeals and says:

1. The agreement to pay was not binding on the corporation because not authorized by its board of directors.

2. The secretary of the corporation, for the same reason, had no authority to sign the note as a corporate obligation.

3. No consideration for the giving of the note passed to or inured to the benefit of the corporation.

Mr. Futernick admitted that he authorized Mr. Zdrodowski to sign the note pursuant to the quoted letter. It was shown also, similarly without dispute, that Mr. Futernick personally managed all of the affairs of the corporation. Following the rule adopted in *Cope-Swift Co.* v. *John Schlaff Creamery Co.*, 223 Mich 543, 547 (followed in *Fletcher Oil Company* v. *Bay City*, 346 Mich 411, 416), we hold that his authorization to Mr. Zdrodowski bound the corporation. The rule (quoted from *Cope-Swift* at 547):

"Where the president is given power as general manager of the business with full direction and charge thereof, he has the power to do any act or make any contract that the president and general managing agent of such a corporation could do or make in the ordinary transaction of the corporate business, and prima facie has power to do any act which the directors could authorize or ratify, unless special limitations or restrictions are put upon such power, of which the party dealing with him has notice, or unless power to do the particular act is expressly given to another officer or agent."

The defense of want of consideration is based on Mr. Futernick's testimony that the letter was sent and the note executed upon assumption that it was necessary—by the reported word of the city engineer of Warren—that the frontage owners share the con-

tracted cost of the installation; whereas he learned later that there was no such requirement and that Tech Plaza had committed itself to share the cost of a project from which it would receive no actual benefit since its property was already served by a "private" main previously installed at its own expense.

The city engineer testified that he could not recall whether he did or did not state that the project required contribution of all frontage owners. It was shown that Mr. Zdrodowski as well as plaintiffs relied upon such a statement of the engineer and that they proceeded accordingly. Whatever the fact in such regard, it is clear that a considerational detriment to plaintiffs, unclouded and unaffected by fraud or mistake so far as they were concerned, accrued when they paid Tech Plaza's agreed share and received Tech Plaza's note for the amount they had paid in Tech Plaza's behalf. And when the project to which all had contributed was installed, it was then too late for a defense of want of consideration. "In such case the question is not properly whether there is any consideration for the agreement, but whether there is any agreement at all." (*Stevens* v. *Corbitt,* 33 Mich 458, 461; followed in *Wright* v. *Irwin,* 35 Mich 347.) "If injustice is the result, it must be attributed, not to the law, but to the lack of wisdom in the party at the time he gave his obligation." (*Wright* v. *Irwin* at 349.)

Judgment affirmed. Costs to plaintiffs.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and O'HARA, JJ., concurred.