99 N.J. Super. 179 (1968)
239 A.2d 19
NEDDA PARNES, PLAINTIFF-APPELLANT,
v.
CELIA'S, INC., ETC., MARY PRASKAY, JOSEPH KULAKOWSKI AND WALTER RADZIWON, DEFENDANTS, WALTER RADZIWON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 22, 1968.
Decided February 8, 1968.
*180 Before Judges CONFORD, COLLESTER and LABRECQUE.
Mr. George Clott argued the cause for appellant (Mr. Samuel Parnes, attorney; Messrs. O'Brien, Tartalsky & Clott, of counsel).
Mr. Allen Zavodnick argued the cause for respondent.
*181 The opinion of the court was delivered by CONFORD, S.J.A.D.
Plaintiff appeals from an adverse judgment in the Law Division in her action on certain defaulted notes, as against an accommodation maker, defendant Radziwon. The reason for the trial court's action was that the holder of the notes had extended the date for their payment by accepting from the obligors new notes with extended due dates without obtaining defendant's consent of the defendant and without expressly reserving her rights against him. Since the record satisfies us that plaintiff did expressly reserve her rights against Radziwon, we reverse.
The original series of 12 notes was for $518.75 each, the first due April 29, 1963, the others every two months thereafter. They provided that upon default in any, all became due at once. Radziwon was concededly an accommodation maker. No payment was made on these notes until June 3, 1963, when the first one was paid. Thereafter, without consent of or notice to Radziwon, who was not then available, plaintiff agreed to extend the time for payment of the obligation by accepting a new series of notes for the balance then due in smaller amounts, but conditionally upon Radziwon signing the new notes, and the original notes being retained for enforcement should Radziwon not sign.
The expression of the agreement for the extension is found in the following exchange of correspondence between the representatives of the plaintiff and the principal obligors:
 "July 29, 1963
 Samuel Parnes, Esq.
 921 Bergen Avenue
 Jersey City, New Jersey
 Re: Celia's Inc.
Dear Mr. Parnes:
Please find enclosed 28 Promissory Notes, plus the interest at 6% from February 25, 1963, paid to the order of Nedda Parnes, through the Trust Company of New Jersey and one note No. 29 in the sum of $116.89 under the same terms, signed by Joseph Kulakowski, President of Celia's Inc.; also Joseph Kulakowski and Mary Praskay have signed the back of each note. However, Walter Rodzowin [sic], I have been informed, cannot be located at this time and when he is *182 located and when surety is substituted for him we will notify you. I did not want to keep these notes any longer, so that on August 1, 1963 you will be in a position to process this series of notes. You may continue to hold the original series of notes, since it does contain the signatures Joseph Kulakowski, Mary Praskay and Walter Rodzowin [sic]. Kindly retain these until the signature of surety has been obtained.
 Very truly yours,
 S/ JOSEPH W. TALAFOUS"
 "July 30, 1963
 Joseph J. Talafous, Esq.
 924 Bergen Avenue
 Jersey City, N.J.
 Re: Celia's, Inc.
Dear Mr. Talafous:
I acknowledge receipt of your letter of July 29th, together with series of notes.
These notes are being accepted conditionally pending the endorsement of Walter Radzowin [sic]. In the meantime and until said notes are endorsed, I will put same through for collection on the due date. I am holding the original notes as a primary obligation until such time as the aforesaid endorsement is received.
I am returning note No. 29 due December 1, 1965, in the sum of $116.89, for endorsement by Mary Praskay and Joseph Kulakowski, which you will return to me after same has been duly endorsed.
 Very truly yours,
 S/ SAMUEL PARNES"
Since the inquiry is whether the holder expressly reserved her rights against the accommodation maker, any inconsistency between these letters as to who (i.e., Radziwon or a "substituted surety") was to endorse the new notes must be controlled by the letter from plaintiff's representative accepting the new notes "conditionally pending the endorsement by Walter Radzowin [sic]" Radziwon never signed any of the new notes; plaintiff by agreement retained the old ones, signed by him; and we are clearly of the opinion that although some of the new notes were collected, plaintiff had, in and by this exchange of letters and under the accompanying circumstances, expressly reserved her rights against defendant on the original notes which she retained, cf. Oil Field Gas Co. v. International Supply Co., 187 Okl. 262, 103 P.2d 91 (1940), even assuming the extension was otherwise an agreement binding upon her.
*183 There is no difficulty with the proposition that, whatever may have formerly been the position of an accommodation maker in respect of the rule under which release is normally accorded a surety by a binding extension of time granted the obligor without the surety's consent or express reservation of rights against him, see Adelman v. Franklin Washington Trust Co., 137 N.J. Eq. 257, 261 (Ch. 1945); R.S. 7:2-120 (VI); 11 Am. Jur.2d, Bills and Notes, §§ 930, 942-944, pp. 973-977, 985-989, the accommodation maker now clearly takes the same benefits in that regard as one secondarily liable, by virtue of the adoption in New Jersey of the Uniform Commercial Code. N.J.S. 12A:3-606(1)(a); Official Comment 1. See also Official Comment 7 to N.J.S. 12A:3-118(f).
It should also be noted that it was not necessary under the Code for the obligee to give notice to the accommodation maker of the express reservation of rights against him when granting the obligor a time extension. N.J.S. 12A:3-606(2). The section is devoid of any provision for such notice. Official Comment 4 to section 3-606 is misleading in its allusion to a requirement of notice, referring to a supposed subsection (3). There is no subsection (3) in section 3-606 as finally adopted by the Commissioners on Uniform State Laws and enacted in this State. There was such a subsection in the 1952 draft of the Code, which called for a dilligent effort by the holder to notify the party affected as to the reservation, within ten days. But that subsection (3) was omitted from the final draft of the Code section and is of no effect, notwithstanding that Official Comment 4 was not revised concordantly. See 1 Anderson's Uniform Commercial Code (1961), p. 748, n. 10; also the 1967 Cumulative Supplement of the same work, "§ 3-606.1. Official Code Comment," p. 142.[1]
*184 Reversed and remanded for entry of judgment against defendant.
NOTES
[1] The "1956 Recommendations of the Editorial Board for the Uniform Commercial Code" (at p. 129) explains the deletion of the notice requirement as being "to eliminate a novel departure from the law expressed in NIL § 120(5) and (6)."