[No. 306-3.    Division Three.    June 16, 1971.]

HERALD SNOW, *Appellant,* v. WARREN A. NELLIST, *Respondent.*

*Harry Hazel* (of *Tunstall, Hettinger, Dohn & Hazel*), for appellant.

*Lauren W. Dobbs* (of *Dobbs & Van Diest*), for respondent.

EVANS, J.—This is an action upon a rejected claim in probate, based upon a promissory note of decedent Harry A. Richmond. The trial court found there was no consideration for the note and it was therefore unenforceable. We cannot agree.

The following is a summary of findings of fact made by the trial court, to which no error is assigned. Harry A. Richmond and the Herald Snow family had been close friends for many years. In May, 1954 Herald Snow decided to build or buy a house in the city of Yakima as a residence for himself and his wife. Learning of Snow's intention, Mr. Richmond requested Mr. Snow to build a house on Richmond's ranch instead. His purpose was to eventually put Mr. Snow's son in the cattle business on the Richmond property. At that time Mr. Richmond told Snow he would furnish the money to build a house, that Snow could fence whatever land he wanted surrounding the house, and in time the house and fenced-off property would become Snow's. Mr. Richmond thereupon supplied the sum of $12,000, which Snow used to build a house, and fenced off a portion of Mr. Richmond's ranch. In expectation of ultimately receiving title to the house and fenced-off portion, Snow orally agreed to pay Richmond $12,000 at the rate of $60 per month. When the house was completed Snow and his wife moved in, and for the next 10 years paid $60 per month to Mr. Richmond until March of 1964, at which time Snow had paid a total of $7,200. During this time the Snows took care of and watered pastureland for Mr. Richmond, and saw that the fences were repaired, it being agreed by the parties this work was to be *in lieu of rent.* In March, 1964 Mr. Richmond told Mr. Snow that he did not

want Snow to pay the $60 per month anymore and "the place would go" to Snow, but that if Snow did not get the place his money would be returned. At that time Mr. Richmond made, executed and delivered to Snow his promissory note in the sum of $7,200. The note read:

Date —
I promise to pay on demand the sum of $7200 borrowed money, to Herald Snow.

/s/ H. A. Richmond

Non negotiable

Snow continued in possession of Mr. Richmond's house and property without further payment until after the death of Mr. Richmond on the 17th day of January, 1969. Mr. Richmond left no will.

The court specifically found that the $60 per month which the Snows paid Richmond was in expectation of ultimately receiving title to the house and fenced-off portion by inheritance from Mr. Richmond, but reluctantly held there was no consideration for Richmond's promissory note, which was therefore unenforceable.

The administrator of the estate of Harry A. Richmond, deceased, argues that Mr. Richmond had no obligation to repay the $7,200 Snow had paid him over the 10-year period because there was no legal liability upon the part of Richmond to either will or convey title to the property to the Snows he came under at least a moral obligation to informal and unusual transaction is that Snow was under no legal liability to pay Richmond $12,000 at $60 per month. For this reason *Harris v. Morgensen*, 31 Wn.2d 228, 196 P.2d 317 (1948), upon which respondent relies, is not in point. Snow made the payments of $60 per month, not as rent nor because he was legally required to do so, but in reliance upon the promise of Richmond to eventually vest title to the property in him. The trial court so found. When Richmond changed his mind about leaving his property to the Snows he came under at least a moral obligation to return the money he had received from the Snows. Mr. Richmond clearly recognized this obligation when he made and delivered the note to appellant.

■ We are of the opinion the facts of this case require application of the "material benefit rule", which is stated in 17 Am. Jur. 2d *Contracts* § 139 at 486, as follows:

Past benefit without antecedent agreement or legal liability; "material benefit" rule.

Undoubtedly, past benefit is insufficient consideration for a promise where it was conferred in such circumstances as to raise no moral obligation, such as where services or property were intended to be rendered or given gratuitously. Where, however, the past consideration consisted of a material pecuniary benefit which, although not granted upon a previous request, was conferred upon the promisor under such circumstances as to create a moral obligation and has not been exhausted by furnishing the consideration for another legal obligation already performed or still enforceable, there is considerable authority for the view that it will support a subsequent executory promise. Indeed, the trend of modern authorities is definitely to the effect that a preexisting legal liability is not essential in order that a moral consideration be sufficient to support an executory promise, and that a moral obligation is sufficient to support an executory promise where the promisor has originally received from the promisee something of value in the form of a pecuniary or material benefit, under such circumstances as to create a moral obligation on the part of the promisor to pay for what he received, even though there was no antecedent or contemporaneous promise or request, and no legal liability at any time prior to the subsequent express promise. This is known as the "material benefit" rule. To render this rule applicable, however, it must appear: (1) that the service or other consideration moving from the promisee conferred an actual material or pecuniary benefit on the promisor, and not merely that it resulted in detriment to the promisee; (2) that the promisee expected to be compensated therefor, and did not intend it as a mere gift or gratuity; (3) that the circumstances were such as to create a moral obligation on the part of the promisor; and (4) that the benefit received has not constituted the consideration for another promise already performed or still legally enforceable.

(Footnotes omitted.) *See, also,* 8 A.L.R.2d 787, § 4 at 798.

Reversed and remanded with instructions to enter judgment for plaintiffs.

MUNSON, C.J., and GREEN, J., concur.

Petition for rehearing denied August 2, 1971.

Review denied by Supreme Court August 26, 1971.