496 P.2d 955

D. E. HALLOWELL, Plaintiff-Appellant,

v.

Marjorie L. TURNER, Administratrix of the Estate of Noble Turner, Deceased, Defendant-Respondent.

No. 10810.

Supreme Court of Idaho.

May 12, 1972.

Kramer, Plankey, Smith & Beeks, Twin Falls, for plaintiff-appellant.

Benoit, Benoit & Alexander, Twin Falls, for defendant-respondent.

McFADDEN, Justice.

D. E. Hallowell, the plaintiff-appellant, instituted this action on a promissory note dated January 9, 1968, for $10,000 and interest made payable to him, and executed by Noble Turner and Ralph Kohntopp. This action was brought against both Kohntopp and Marjorie L. Turner, administratrix of the estate of Noble Turner, deceased, Mr. Turner having died in December 1969.

This present appeal only involves the action against Mrs. Turner, the respondent, who filed her motion to dismiss the action against her on the grounds that no consideration was received by Mr. Turner in return for his signature on the promissory note. The district court treated this motion as one for summary judgment, granted the motion and entered summary judgment dismissing the action against Mrs. Turner. This appeal was taken from that summary judgment.

Appellant Hallowell and his wife owned certain real property in Camas County, Idaho, which they desired to sell for $185,000. During the spring of 1967, Mr. Noble Turner (now deceased) and one Ralph Kohntopp negotiated with Mr. Hallowell regarding the purchase of this property. At that time Turner and Kohntopp were representing an organization called "F.H.A. Grazing Association." On June 7, 1967, appellant executed an "earnest money agreement" whereby the Hallowells agreed to sell the property to the association for $185,000. The agreement was signed by Turner and Kohntopp as officers of the association. $2,500 as consideration was deposited with the realtor.

The first transaction was not completed, and on July 31, 1967, appellant executed an option to sell this realty to the Hidden Paradise Grazing Association, Inc., for $185,000, the agreement being signed by Noble Turner as "Pres." The consideration recited in the option was $2,500. Under this option the parties contemplated that the purchasers would borrow the purchase price from the federal Farmer's Home Administration and pay the appellant in full for the land. Later, it developed that the Farmer's Home Administration appraised the land at less than $185,000, and ultimately it agreed to lend a total of $155,000 on the land.

After it was disclosed that Turner and Kohntopp could not complete the financing arrangements under the option of July 31, 1967, the parties negotiated further for the sale and purchase of the property. Appellant agreed to accept $165,000 for the total purchase price. He also agreed to accept the promissory note signed by Turner and Kohntopp of $10,000 payable in three installments with the balance of the purchase price of the land to be paid by outside financing. On January 9, 1968, Turner and Kohntopp executed the promissory note, the subject of this litigation, and it was placed in escrow with the Camas Abstract Company with these instructions:

"You are hereby delivered a Note for $10,000.00 to be held by you pending the closing of a sale of land from D. E. Hallowell to the undersigned makers. If for any reason that D. E. Hallowell cannot deliver title or close the above mentioned sale to the undersigned makers this note is to be returned to them. If the sale is closed or for any reason cannot be closed by the makers of this note, then the note is to be delivered to D. E. Hallowell,

upon a statement from the Farm Home Administration refusing to close a loan to the makers of the note."

These instructions were dated January 9, 1968 and signed by Turner and Kohntopp.

On January 10, 1968, appellant executed an earnest money agreement with Hidden Paradise Grazing Association, Inc., which agreement was signed by Turner, purportedly on behalf of the association. Under this agreement, appellant agreed to sell the property for $155,000, with the $2,500 still on deposit with the real estate broker to be applied on the purchase price. This agreement provided:

"It is agreed that this sale is dependent upon the completion of an FHA Loan. If for any reason the FHA will not complete this loan, then the Ernest [sic] Monies deposited will be returned to the buyers. All other terms and conditions will remain the same."

In appellant's affidavit he asserts that the parties intended that the $10,000 promissory note placed in escrow the preceding day was consideration for the purchase of the property and the option given Turner and Kohntopp to purchase it. He further stated that the parties agreed that the balance of the purchase price of $165,000 (i. e., $155,000) would be financed by the Farmer's Home Administration and if that financing could not be completed, the $2,500 on deposit with the broker would be returned to the buyers, but that the $10,000 note would not be returned.

On May 7, 1968, the sale was completed, with Hidden Paradise Grazing Association becoming incorporated that date, with Kohntopp and others listed as the incorporators and officers, but Turner not being included in that group. It is not controverted that Turner or his wife had no interest in the corporation or in the land which was conveyed to the corporation.

As previously stated, the respondent, Mrs. Turner, moved to dismiss the action on the ground that there was no consideration ever received by her deceased husband in return for his signature on the promissory note, the subject of this action. Following the filing of numerous affidavits and replies to interrogatories of the various parties, the district court, considering facts so presented, treated respondent Turner's motion to dismiss as a motion for summary judgment and granted the motion. In the summary judgment itself, the court recited that the plaintiff had stipulated in open court that there remained no issue of material fact, and then granted the judgment for respondent.

■ The sole issue before the Court is whether the facts show any consideration flowing to Mr. Turner for his execution of the promissory note. Assuming (but not deciding) for the purposes of this opinion that appellant was not a holder in due course of the note in question (I.C. § 28–3–302), the appellant took the instrument subject to the defense of want of consideration. I.C. § 28–3–306.

I.C. § 28–3–408 provides in pertinent part:

"Want or failure of consideration is a defense as against any person not having the rights of a holder in due course (section 28–3–305) * * *. Nothing in this section shall be taken to displace any statute outside this act under which a promise is enforceable notwithstanding lack or failure of consideration. * * *."

Comment 3 under § 3–408 of the Uniform Commercial Code states:

"With respect to the necessity or efficiency of consideration other obligations on an instrument are subject to the ordinary rules of contract law relating to contracts not under seal. * * *." 2 Uniform Laws Annot., U.C.C., p. 168 (1968).

Under the Uniform Commercial Code (I.C. Title 28, Ch. 3), any consideration which would be sufficient to uphold an ordinary contract would be sufficient consideration to validate a promissory note. Flores v. Woodspecialties, Inc., 138 Cal.App.2d 763, 292 P.2d 626 (1956).

■ It is also held that detriment to the promisee unclouded and unaffected by fraud or mistake is adequate consideration

for the execution of a promissory note. Binkowski v. Tech Plaza, Inc., 369 Mich. 333, 119 N.W.2d 589 (1963); Canyonville Bible Academy v. Lobemaster, 108 Ill.App. 2d 318, 247 N.E.2d 623 (1969); Snow v. Nellist, 5 Wash.App. 140, 486 P.2d 117 (1971); Luby v. Jefferson County Bank of Lakewood, 29 Colo.App. 441, 476 P.2d 292 (1970). In McMahon v. Auger, 83 Idaho 27, 357 P.2d 374 (1960), this Court stated:

> "The waiver of a right or forbearance to exercise the same is a sufficient consideration for a contract, whether the right be legal or equitable, or exists against the promisor or a third person, provided it is not utterly groundless. (Citations.)" 83 Idaho at 38, 357 P.2d at 380.

In the instant action, this promissory note was executed by both Turner and Kohntopp to appellant in exchange for appellant's agreement to sell the real property for $155,000 instead of the $165,000 that he demanded for exchange of this property. In other words, appellant agreed to sell the real property at the reduced price only in exchange for the promissory note executed by the two makers. This constitutes full and adequate consideration for execution of this promissory note. The fact that ultimately Turner may not have benefited from the sale of the real property at the reduced price would not alter the consideration—i. e., the detriment to appellant—given for this note. Thus, it is the conclusion of this Court that the summary judgment must be reversed.

Appellant requests that this Court direct the trial court to enter summary judgment on behalf of the appellant. Because of the state of the record before this Court, this cannot be done. The pleading phase of this action has not been completed. The record before this Court reflects that only Kohntopp has filed an answer to the appellant's complaint. The only pleading filed by Mrs. Turner was the motion to dismiss, which was based on her contention of lack of consideration, and that having to be reversed, appellant's complaint now stands unanswered. There may be other defenses which she may have available and desires to present, and she must be given that opportunity. I.R.C.P. 12(b).

The summary judgment is reversed and the cause remanded for further proceedings. Costs to appellant.

McQUADE, C. J., DONALDSON and SHEPARD, JJ., and MAYNARD, D. J., concur.