PAUL UNRUH AND RETA MAE UNRUH, APPELLANTS, *v.* NEVADA NATIONAL BANK, RESPONDENT.

No. 6708

July 19, 1972                                    498 P.2d 1349

[Rehearing denied August 18, 1972]

*Ross & Crow,* of Carson City, for Appellants.

*Guild, Hagen & Clark* and *Jack B. Ames,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

The Nevada National Bank commenced this action upon a renewal promissory note dated August 24, 1970, for $9,000 in favor of the Bank, signed by Paul and Reta Unruh, and payable on November 22, 1970, if prior demand was not made. Prior demand was made, but payment was not.

On December 11, 1969, Paul Unruh had executed a promissory note to the Bank for $10,000 payable on demand, or if no demand was made, then on March 11, 1970. Thereafter, on May 12, 1970, Paul and Reta Unruh executed a renewal note for the same $10,000 which was to become payable on August 10, 1970, if no prior demand for payment was made. Payment was not made, and on August 24, 1970, the Unruhs paid the Bank $1,000 and executed the second renewal note upon which this suit is based.

The Unruhs did not receive $10,000, or any amount, directly from the Bank in return for the original or for the renewal notes. When the original note was made, the Bank issued a cashier's check for $10,000 to V. & T. Railroad, and Unruh received in the mail a copy of a receipt for that check. Also on that day, V. & T. Railroad issued two treasury stock certificates, each for 5,000 shares, to Fritz Von Geldern, the Bank's manager. The record may be read to show that Von Geldern, in turn, delivered one of those certificates to Paul Unruh, but repossessed it because "it was not made out right." Sometime before the trial of this case, Von Geldern was discharged as the Bank's manager. No effort was made to secure his attendance as a witness for either side.

The Unruhs defended this action on the ground that they had received no consideration from the Bank in return for the original promissory note which Paul Unruh had signed. The main appellate issue is whether that defense was established. Subordinately, an issue is tendered as to whether a rejected offer of proof was probative of that defense.

1. The renewal promissory note contains all the requisites of a negotiable instrument. NRS 104.3104. Although the

payee Bank may have been a holder in due course, NRS 104.3302(2), we shall, for the purposes of this opinion, assume that the Bank was not a holder in due course and took the instrument subject to the defense of want of consideration, NRS 104.3306.

A bargained-for consideration may be given to the promisor or to some other person. Haygood v. Stevenson Company, 151 S.E.2d 462 (Ga.App. 1966); Restatement, Contracts, Sec. 75(2).[1] The Bank paid $10,000 to V. & T. Railroad on the same day it took a promissory note for that amount from Paul Unruh, and Unruh received notice of that payment. He thereafter acknowledged his obligation to the Bank on August 24, 1970, when he paid the Bank $1,000, and signed, along with his wife, the second renewal note upon which this suit was brought. In these circumstances it cannot successfully be contended that the trial court erred when it found that the defense of want of consideration was not established.

2. The rejected offer of proof would show that the Bank manager, Von Geldern, invited Unruh to come to the Bank to discuss a business transaction and persuaded him to borrow $10,000 to purchase stock. That evidence, if allowed, would not establish a want of consideration. Indeed, the proffered evidence appears to confirm that which actually occurred.

Affirmed.

ZENOFF, C. J., and BATJER, MOWBRAY, and GUNDERSON, JJ., concur.

---

[1]The Restatement example: "A makes a promissory note payable to B in return for a payment by B to C. The payment is consideration for the note." This is precisely what happened in the case at hand.