509 P.2d 1313

**D. E. HALLOWELL, Plaintiff-Appellant,**

v.

**Marjorie L. TURNER, Administratrix of the Estate of Noble Turner, Deceased, Defendant-Respondent.**

No. 11162.

Supreme Court of Idaho.

May 14, 1973.

Kramer, Plankey, Smith & Beeks, Twin Falls, for plaintiff-appellant.

Benoit, Benoit & Alexander, Twin Falls, for defendant-respondent.

McQUADE, Justice.

The appellant, D. E. Hallowell, brought this action on a promissory note executed by Noble Turner and Ralph Kohntopp. The note was for $10,000 and interest, and was dated January 9, 1968. The suit was brought against Kohntopp and Marjorie L. Turner, administratrix of the estate of Noble Turner, Mr. Turner having died in 1969. Respondent Turner moved to dismiss the complaint as to her on the grounds that no consideration had been received by Noble Turner for his signature on the note. Summary judgment was granted respondent and an appeal was made. This Court, in Hallowell v. Turner,[1] held that there was consideration

and remanded the case for further proceedings.

Upon remand, respondent Turner again moved to dismiss as to her, this time on the grounds that an "agreement not to execute" entered into between appellant and Kohntopp relieved respondent Turner of any further liability on the promissory note. Summary judgment was again granted respondent and the case has again been appealed to this Court.

The record shows that the promissory note here at issue was in the amount of $10,000. The note was executed in relation to the sale of certain real property for $165,000 ($155,000 was obtained through a Farmer's Home Administration loan). Appellant commenced this action after certain defaults in the payment of the promissory note on March 30, 1970. On November 7, 1970, the "agreement not to execute" between appellant and co-maker Kohntopp was signed. This agreement contains a specific provision reserving appellant's rights against respondent and was made for a consideration of $2,500. Respondent had no notice of this agreement and did not consent to it.

Appellant asserts that it was error to grant summary judgment in favor of respondent. It is argued by appellant that the district court erred in concluding, if it did, that: (1) respondent had a right of recourse against defendant Kohntopp; (2) the "agreement not to execute" constituted a discharge of defendant Kohntopp's obligation on the promissory note; (3) respondent's consent was required to the execution of the "agreement not to execute;" and (4) notice of the "agreement not to execute" should have been given respondent.

This case requires an interpretation of I.C. § 28–3–606, and an application of that statute to the circumstances involved here. I.C. § 28–3–606 provides:

*"Impairment of recourse or of collateral. —*(1) The holder discharges any party to

1. 94 Idaho 718, 496 P.2d 955 (1972).

the instrument to the extent that without such party's consent the holder

(a) without express reservation of rights releases or agrees not to sue any person against whom the party has to the knowledge of the holder a right of recourse or agrees to suspend the right to enforce against such person the instrument or collateral or otherwise discharges such person, except that failure or delay in effecting any required presentment, protest or notice of dishonor with respect to any such person does not discharge any party as to whom presentment, protest or notice of dishonor is effective or unnecessary; or

(b) unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse.

"(2) By express reservation of rights against a party with a right of recourse the holder preserves

(a) all his rights against such party as of the time when the instrument was originally due; and

(b) the right of the party to pay the instrument as of that time; and

(c) all rights of such party to recourse against others."

Under the above cited provisions, the requirements for a discharge were not met.

Notification to the party against whom rights are reserved is not a prerequisite to the validity of a reservation of rights.[2] Respondent cites paragraph 4 of the official comment to I.C. § 28-3-606 as indicative of the need for notice. This comment is misleading in its allusion to a requirement of notice, since it refers to a subsection (3). There is no subsection (3)

in section 28-3-606 as finally adopted by the Commissioners on Uniform State Laws and enacted in Idaho. The part of paragraph 4 of the official comment to § 28-3-606 referring to subsection (3) should be disregarded.[3]

The express reservation of rights by appellant in the "agreement not to execute" was valid. Under I.C. § 28-3-606 there must be consent *or* an express reservation of rights to prevent a discharge. Thus, consent is not necessary where the obligee makes an express reservation of rights.

Both appellant and respondent discuss whether there was a right of recourse by respondent against Kohntopp. No evidence to support a finding that appellant Hallowell knew of Noble Turner's role of surety, if indeed he was a surety, appears in the record. Paragraph 3 of the official comment to I.C. § 28-3-606 reads as follows:

"The words 'to the knowledge of the holder' exclude the latent surety, as for example the accommodation maker where there is nothing on the instrument to show that he has signed for accommodation and the holder is ignorant of that fact. In such a case the holder is entitled to proceed according to what is shown by the face of the paper or what he otherwise knows, and does not discharge the surety when he acts in ignorance of the relation."

In this case Ralph Kohntopp and Noble Turner appear on the face of the note to be co-makers. Under IC. § 28-3-118,[4] this would mean their liability on the face of the note would be joint and several. Even if respondent does have a right of recourse against Kohntopp, appellant still would have avoided discharging respondent by making the express reservation of rights.[5]

---

2. *See* Parnes v. Celia's Inc., 99 N.J.Super. 179, 239 A.2d 19 (1968).

3. *Id.*

4. I.C. § 28-3-118 provides in part: "*Ambiguous terms and rules of construction.* —The following rules apply to every instrument: * * * (e) Unless the instrument otherwise specifies two (2) or

more persons who sign as maker, acceptor or drawer or indorser and as a part of the same transaction are jointly and severally liable even though the instrument contains such words as 'I promise to pay.' "

5. 3 Anderson, Uniform Commercial Code, § 3-606:10, p. 130 (2d ed. 1971).

It is not necessary on this appeal to decide what affect the "agreement not to execute" has on the obligations of Ralph Kohntopp. However, (2)(c) of I.C. § 28–3–606 should be noted in relation to such obligations, reading as follows: "(2) By express reservation of rights against a party with a right of recourse the holder preserves * * * (c) all rights of such party to recourse against others." As already noted, the reservation of rights was effective and respondent's obligation to appellant was not discharged by the "agreement not to execute."

We therefore conclude that the trial court erred in granting summary judgment and said judgment is hereby reversed. The cause is remanded for further proceedings.

Costs to appellant.

DONALDSON, C. J., and SHEPARD, McFADDEN, and BAKES, JJ., concur.