**George V. ALEXANDER and Al Johnson,
Plaintiffs and Appellants,**

v.

**Ed DeLaCRUZ and Beth DeLaCruz,
Defendants and Respondents.**

**No. 13928.**

Supreme Court of Utah.

Jan. 29, 1976.

Maurice Richards, of Richards & Caine, Ogden, for plaintiffs-appellants.

Brian R. Florence, Ogden, for defendants-respondents.

MAUGHAN, Justice:

Plaintiffs initiated this action to recover the balance due under a promissory note and to foreclose a mortgage securing the same. The matter was tried before the court and judgment was rendered in favor of the defendants, dismissing the action.

---

6. 109 Utah 1, 7, 163 P.2d 314 (1945).

7. *Papachristou v. City of Jacksonville,* 405 U.S. 156, 170, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972).

The court ruled the signature of defendant Beth DeLaCruz, on both the note and mortgage, was forged; therefore, of no effect. Furthermore, Mrs. DeLaCruz was the record owner of the mortgaged real property, and the purported mortgage did not have the effect of an encumbrance on her property. The court further ruled there was no legal consideration to support the promissory note executed by Ed De-LaCruz; consequently he was not bound.

Plaintiffs appeal solely from the determination involving Ed DeLaCruz, hereafter defendant. The appeal is well taken and we reverse.

Defendant was employed as manager of a used car agency, the Car Corral, a corporation. Under the management agreement, defendant's compensation was to be 50% of the net profits of the business. As general manager, he paid himself a monthly salary, drawing checks on the bank account of the corporation. The evidence shows that these draws, which he took as advances on the earnings to which he was entitled, under the management agreement, exceeded his share by $7,657. This figure is the same as the sum on the face of the subject promissory note.

The vehicles sold by the Car Corral were financed under a flooring arrangement with the Bank of Utah. A trust receipt was issued for each *vehicle* financed by the bank; this defendant testified he signed as trustee. It was defendant's responsibility, as manager, to deliver the proceeds from the sale of the vehicle to discharge the indebtedness; and to procure the title from the bank. Defendant testified that he engaged in an activity which he denominated as "floating," whereby he would take the proceeds from the sale of a vehicle and deposit them in the business account and use the funds for business expenses.. He would then sell several other vehicles and use the funds therefrom to discharge the indebtedness on the first vehicle and procure the title. This activity was in direct violation of the trust agreements,. which provided that the trustee would not commingle the proceeds of the sale with any other property, but would immediately upon receipt of the proceeds of any sale, deliver them to the bank.

As a consequence of this floating activity, cars were out of trust in the approximate sum of $8,500.[1] Plaintiffs were guarantors on the financing agreement that the Car Corral had with the bank, the precise terms of which were never offered in evidence. Plaintiffs both testified that it was not their obligation under the guarantee agreement to pay the amount resulting from defendant selling the cars out of trust.

Defendant faced the possible loss of his license and bond for being out of trust. In discussing the matter with defendant, plaintiffs agreed to assume the out-of-trust indebtedness to the bank, in return for defendant's promissory note. Plaintiffs executed a note to the bank which they subsequently paid. Defendant made payments on the note to plaintiffs, amounting to $1,275, and then ceased paying. The court ruled that under the authority of *Manwill v. Oyler*,[2] there was no legal and binding consideration to sustain the contract.

Plaintiffs claim *Manwill v. Oyler* is not applicable, and that there was consideration to support defendant's promissory note; with this we agree.

Under Section 70A–3–307, U.C.A.1953, as amended 1965, plaintiffs sustained their burden and were entitled to recover unless defendant established his affirmative defense[3] of want of consideration by a preponderance of the evidence.[4]

1. Under 70A–9–307(1), U.C.A.1953, the customers of the Car Corral would take the automobile they had purchased free of the bank's security interest.

2. 11 Utah 2d 433, 361 P.2d 177 (1961).

3. "(2) When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."

4. *Olpin v. Grove Finance Company*, (Utah) 521 P.2d 1221, 1223 (1974).

Under the Uniform Commercial Code (Section 70A–3–408, U.C.A.1953, as amended 1965), any consideration which would be sufficient to uphold an ordinary contract would be sufficient consideration to validate a promissory note.[5]

In *Manwill v. Oyler*,[6] this court held that a bare moral obligation to support an oral promise to repay a debt barred by the statute of limitations would not constitute valid consideration to make a binding contract.[7] In the instant action the trial court erred in its ruling that the sole consideration to support defendant's note was his moral obligation to pay. Plaintiffs, in return for defendant's promise to pay $7,657, agreed to assume and discharge an indebtedness of $8,500 at the bank, which represented the sale of automobiles out of trust. Defendant, through ignoring the trust agreement, had placed his license and bond in jeopardy.

Restatement, Contracts, Section 75(2) provides:

Consideration may be given to the promisor or to some other person. It may be given by the promisee or by some other person.

Illustration 6 of this subsection coincides with the instant fact situation:

6. A makes a promissory note payable to B in return for a payment by B to C. The payment is consideration for the note.

A bargained-for consideration may be given to the promisor or to some other person. . . .[8]

To constitute consideration it is not necessary that anything of value pass from the payee to the maker. [Citations omitted.]

In that respect the law as to commercial paper is that of contracts generally.

Consideration may be given to the promissor or to some other person. [Citations omitted.] [9]

Plaintiffs are entitled to judgment. This cause is reversed and remanded with an order to enter judgment in accordance with this opinion.

HENRIOD, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.

---

5. See Uniform Commercial Code, Sec. 3–408, Official Comment, 3; *Hallowell v. Turner*, 94 Idaho 718, 496 P.2d 955 (1972).

6. See Note 2, supra.

7. At page 436 of 11 Utah 2d, 361 P.2d 177.

8. *Unruh v. Nevada National Bank*, 88 Nev. 427, 498 P.2d 1349, 1350 (1972).

9. *Bank of America National T & S Assn. v. Superior Court*, 4 Cal.App.3d 435, 84 Cal. Rptr. 421, 423 (1970).