**CHAPMAN, State Banking Com'r, v. SEABURY. (No. 7194.)**

(Court of Civil Appeals of Texas. San Antonio. June 11, 1924.)

1. Banks and banking ⬩49(2)—Stockholder of insolvent bank held entitled to be sued for assessment in county of his residence.

In suit by banking commissioner to enforce assessment against stockholder in insolvent bank, plea of privilege by stockholder to be sued in county of his residence was sustained, in absence of any writing which obligated him to pay assessment in county where bank was located or showing of any other exception to exclusive venue in county of residence.

2. Banks and banking ⬩49(2)—Statutes held not to impair stockholder's privilege to be sued for assessment in county of his residence.

While district court has jurisdiction and venue over all actions to enforce claims against insolvent state banks which are being administered by the state banking commissioner, under Rev. St. art. 464 and others, such statutes do not impair privilege of stockholder of such banks to be sued by commissioner for an assessment in county of his residence.

Appeal from District Court, Hidalgo County; L. J. Polk, Judge.

Action by J. L. Chapman, State Banking Commissioner, against F. W. Seabury. From an order sustaining defendant's plea of privilege, plaintiff appeals. Affirmed.

W. H. Gossage, of San Juan, for appellant.

Seabury, George & Taylor, of Brownsville, for appellee.

SMITH, J. Appellee, Seabury, was a stockholder in the First State Bank of Donna, in Hidalgo county. The bank failed, and its assets were taken over by appellant, Chapman, as state banking commissioner, who, in the administration of the bank's affairs, brought this suit against Seabury in the district court of Hidalgo county to enforce a stockholders' assessment rendered against Seabury. The latter filed a plea asserting his privilege to be sued in Cameron county, of which he was a resident; the plea was controverted, was sustained, and Chapman has appealed from the interlocutory order thereon.

[1] We think the plea of privilege was properly sustained. It is not shown that appellee had entered into any contract in writing by which he was obligated to pay the assessment in Hidalgo county, nor is any other exception to exclusive venue in the county of his residence shown to exist in the case.

It is contended by appellant that the district court of the county of the defunct bank's domicile has exclusive jurisdiction in the administration of the affairs and distribution of the assets of the bank, and of all clams against it, and that by analogy it should be held that the same court should have venue and jurisdiction over all suits of the banking commissioner against those indebted to the bank, including suits to enforce assessments against stockholders.

[2] It is true that it is now settled that such court has jurisdiction and venue over all actions to enforce claims against insolvent state banks, the affairs of which are being administered by the state banking commissioner under the provisions of our banking laws. Kidder v. Hall (Tex. Sup.) 251 S. W. 497. This rule is grounded upon a blending of express with implied provisions of the statutes (article 464 and others) relating directly to the question of venue.

But these statutes do not purport to apply to actions brought by the commissioner to enforce the obligations of others to the bank, such as that here sued on. There is nothing in these statutes which by express provision, or by clear implication, impairs the privilege vouchsafed the citizen under the general venue statutes to be sued in the county of his residence.

The judgment is affirmed.

---

⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes