**AUSTIN, Banking Com'r v. DAVENPORT.**
**(No. 1740.)**

(Court of Civil Appeals of Texas. El Paso. April 16, 1925.)

**Banks and banking** ⊗══49(2)—**County in whic' insolvent bank situated has not exclusive jurisdiction of suit by commissioner to enforce stockholder's liability.**

A suit by banking commissioner to enforce assessment against stockholder in insolvent bank is not required to be brought in district court of county where insolvent bank is located, as such county has not exclusive jurisdiction of such a suit.

Appeal from Eastland County Court, at Law; J. H. Jones, Judge.

Action by Charles O. Austin, Banking Commissioner of Texas, against J. S. Davenport. Defendant's plea in abatement was sustained, suit dismissed, and plaintiff appeals. Reversed and remanded.

Hawkins, Hawkins & David, of Breckenridge, for appellant.
W. S. Adamson, of Ranger, for appellee.

HIGGINS, J. This is a suit by the state banking commissioner in charge of the affairs of the Farmers' & Merchants' State Bank of Ranger, an insolvent state bank in process of liquidation, against J. S. Davenport, the owner of five shares of the stock of such bank of the par value of $500, to recover upon a 100 per cent. assessment made against the stockholders by the commissioner.

A credit of $4.99 was admitted and the suit was to recover $495.01 with interest from the date the assessment was made.

The defendant pleaded in abatement that the suit was in connection with the liquidation of the bank and the district court of Eastland county in which county the bank was located, had exclusive jurisdiction of the suit. The plea was sustained and the suit dismissed.

Appellee has not briefed the case and we are not advised of the theory upon which the court's action was based, but according to the appellant's brief it was upon the authority of Kidder v. Hall (Tex. Sup.) 251 S. W. 497, and also possibly upon Knollenberg v. Chapman (Tex. Civ. App.) 258 S. W. 547.

In Kidder v. Hall it was held that the district court of the county, where an insolvent bank is located, has exclusive jurisdiction, and venue of all suits to enforce claims against such bank, when its assets are being liquidated by the banking commissioner under the state banking laws. There is nothing in the opinion rendered in that case or in the banking law which can be construed as relating to the jurisdiction or venue of actions by the commissioner to recover upon obligations due the bank or the commissioner. It has been so held by the San Antonio court in the recent case of Chapman v. Seabury, 263 S. W. 1107, with which ruling we are in full agreement.

Knollenberg v. Chapman was by this court and involved no jurisdictional question. The suit was upon a stockholder's assessment brought in the district court to recover $500 together with interest as damages. The following quotations are taken from the plaintiff's petition in that case:

"That by reason of said assessment, notice, and demand defendant became liable and bound to pay and promised to pay said Ed Hall, commissioner of insurance and banking of the state of Texas, and to his successors in office, the sum of $500, together with interest on said amount at the rate of 6 per cent. per annum from March 24, 1922, as additional damages for delinquency of payment. * * *"

"That although continuous and continuing demand has been made on defendant by said Hall and by plaintiff, defendant has wholly failed and refused to pay said sum of money or any part thereof to plaintiff's damage in the sum of $500, with additional damages thereon in an amount equal to 6 per cent. per annum interest from March 24, 1922, until said obligation is paid. Wherefore, defendant being already in court, plaintiff prays that on final hearing hereof he have judgment for the full amount of his said debt and damages, made up of $500 with interest thereon from March 24, 1922, at the rate of 6 per cent. per annum. * * *"

These quotations show that the amount in controversy in the Knollenberg Case was

---

⊗══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

within the jurisdiction of the district court. McDaniel v. National Steam Laundry Co., 112 Tex. 54, 244 S. W. 135; Bering Mfg. Co. v. W. T. Carter Bros. (Tex. Civ. App.) 255 S. W. 243; Rule-Jayton Cotton Oil Co. v. Vera Gin Co. (Tex. Civ. App.) 261 S. W. 157.

Reversed and remanded.