Argued June 5, affirmed September 11, 1970

# THE OREGON BANK, *Respondent, v.*
# BAARDSON, *Appellant.*
### 473 P2d 1015

*Robert L. Myers*, Portland, argued the cause for appellant. With him on the briefs were Shuler, Rankin, Myers & Walsh, Portland.

*Warren Hastings*, Portland, argued the cause for respondent. With him on the brief were Galbreath and Pope, Milton-Freewater, and Phillips, Coughlin, Buell & Phillips, Portland.

DENECKE, J.

The plaintiff bank brought an action to recover on two promissory notes signed by the defendant and Lee Williams as co-makers. The defendant answered alleging that he was an accommodation maker and was discharged from his obligation because the bank impaired collateral given by his co-maker, Williams. The only issues were those raised by the answer and a counterclaim. The court directed a verdict for plaintiff and defendant appeals.

Williams makes mobile pellet mills. Such mills process hay into pellets to feed stock. The defendant Baardson sells some of the machinery and equipment which is used in assembling a pellet mill. A Washington concern, Wi-Co., entered into a written agreement with Williams on December 11, 1962, whereby Wi-Co. agreed to purchase a mill to be assembled by Williams.

On the same date Baardson and Williams entered into a written agreement which recited that Baardson was to furnish most of the equipment for the Wi-Co. mill and $5,500 would be borrowed from the bank to purchase the component parts not furnished by Baardson. Baardson would pay the bank loan and take over the sales contract with Wi-Co. Baardson would be paid by Williams for the equipment Baardson furnished by Wi-Co.'s payments on the sales contract.

To obtain the $5,500 from the bank, Williams and Baardson signed a promissory note as co-makers. The 90-day note was executed December 12, 1963, and was unsecured. They executed additional notes to the bank to secure additional funds to complete the mill. The notes were never paid.

On March 31, 1964, Wi-Co. and one Peterson, a financially responsible person, executed a chattel mortgage on the mill to Williams to secure a note apparently executed by the mortgagors for the price of the mill. The proceeds to be obtained from this note and mortgage were assigned by Williams to the bank. Subsequently, Williams retook possession of the mill and gave a chattel mortgage on it to the bank.

Baardson offered to subordinate his interest in the mill to the bank, provided he was assigned Wi-Co.'s

mortgage to Williams after the bank was paid and Williams alone signed the new note. Baardson also sent the bank Williams' note to him as evidence of the debt for equipment purchased from Baardson for the mill, and asked the bank to collect from the payments made by Wi-Co. on their note and mortgage after the bank was paid.

The bank eventually obtained the mill and sold it in November 1966 for $2,200. The net proceeds of the sale were applied on the notes. Thereafter, this action was filed.

Baardson contends that he was discharged because the bank impaired collateral, the collateral being the assignment of Peterson's and Wi-Co.'s note and mortgage on the mill and Williams' subsequent mortgage on the mill.

■ In order to have standing to complain about alleged impairment of collateral, the collateral must have been given by or on behalf of a person against whom Baardson had a right of recourse, allegedly Williams. The Uniform Commercial Code, ORS 73.6060, provides:

"(1) The holder discharges any party to the instrument to the extent that without such party's consent the holder:

"*  *  *  *  *

"(b) Unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse."

Baardson had a right of recourse against Williams if Baardson was an accommodation maker. ORS 73.4150. ORS 73.4150 provides:

"(1) An accommodation party is one who signs

the instrument in any capacity for the purpose of lending his name to another party to it."

The official comment to the quoted section states: "Subsection (1) * * * recognizes that an accommodation party is always a surety (which includes a guarantor) * * *."

■ The notes do not indicate that Baardson signed as an accommodation maker. That is not necessary. ORS 73.4150 (3) provides: "* * * [T]he accommodation character may be shown by oral proof [with exceptions not relevant here]."

■ We hold, however, that the written agreement between Baardson and Williams, dated December 11, 1963, precludes Baardson from being a surety or an accommodation maker. That agreement provided: "Baardson will pay off the Oregon Bank as agreed and take over the sales Contract * * *." By this agreement Baardson undertook the primary obligation of paying the bank on the note. If Baardson paid the bank he would have no recourse against Williams because he had agreed with Williams to pay the bank.

*Vary v. Norton*, 6 F 808 (CCWD Mich 1881), is very similar to the instant case. Norton, Lee and King all signed a note as makers, and promised jointly and severally to pay the payee. Subsequently, Norton agreed with Lee and King that he would pay the note. The court held that Norton thereby became the principal and Lee and King the sureties.

*Sauder v. Dittmar*, 118 F2d 524 (10th Cir 1941), is to the same effect:

"A careful analysis of these cases leaves little room for doubt that under the law of Illinois where two persons are equally bound upon a note, or simi-

lar obligation, and by their mutual agreement, one assumes the obligation of the other for its payment, as between themselves, they become principal and surety. * * *." 118 F2d at 529.

■ Baardson argues that even if his agreement to pay the bank precludes him from being an accommodation maker at the time of the delivery of the notes to the bank, he subsequently became an accommodation maker after Williams breached his part of the agreement thereby relieving Baardson of his obligation to Williams to pay the bank. As the plaintiff pointed out at oral argument, such a contention is not open to the defendant as he alleged in his answer: *"At the time the defendant executed the promissory notes* set forth in plaintiff's first and second causes of action, defendant executed the same as an accommodation maker for the co-maker thereof, Lee N. Williams." (Emphasis added.) In view of this allegation the defendant cannot contend he became an accommodation maker at some time after he executed the notes. *Atckison v. Triplett,* 244 Or 475, 483, 419 P2d 4 (1966); *Heintz v. Sinner,* 232 Or 529, 532-533, 376 P2d 478 (1962).

The defendant's counterclaim alleged that the bank accepted defendant's offer to subordinate defendant's interest in the mill to the bank on the condition that after the bank was paid it would hold Wi-Co.'s and Peterson's note and mortgage on the mill for the benefit of Baardson and apply the payments thereon to the debt Williams owed Baardson. Defendant contents the bank breached this agreement.

■ There was no express acceptance by the bank of Baardson's offer. The defendant contends the bank impliedly accepted his offer either by silence or by

exercising dominion over the mill, citing 1 Restatement 77, Contracts § 72. We find no evidence that the bank's silence or conduct amounted to an implied acceptance; therefore, no contract was formed.

Affirmed.