E. Eugene PALMER, Appellant,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver of Sharpstown State Bank, Appellee.

No. 16504.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 14, 1975.

Rehearing Denied Sept. 18, 1975.

M. Wayne Tinkler, Austin, for appellant.

Norris Dennard, Houston, Louis Bagwell, for appellee; Baker & Botts, Houston, of counsel.

PEDEN, Justice.

Appeal from a summary judgment entered against a co-maker of a promissory note in a suit brought by the Federal Deposit Insurance Corporation acting as receiver for Sharpstown State Bank. The F.D.I.C. had, in another suit, previously taken a judgment against John Osorio, the other co-maker of the note, but that judgment had not been satisfied. The judgment entered in the instant case provides that payment received on either judgment shall be applied to both.

In 1971 the directors of the Sharpstown State Bank placed it in the hands of the State Banking Commissioner for liquidation and the F.D.I.C. accepted the Commissioner's tender of appointment as receiver of the bank. An inventory of the bank's assets was filed in the 152nd District Court of Harris County, so those assets are deemed placed in the custody of that court under the provisions of Article 342–806, Vernon's Texas Civil Statutes.

The appellant's first point of error is that the trial court, the 129th District Court of Harris County, erred in taking jurisdiction over this case because exclusive jurisdiction over it is vested in the receivership court, the 152nd District Court. His second point is that the trial court erred in taking jurisdiction over this case because the 152nd District Court has entered no order authorizing its prosecution.

Appellant contends that exclusive jurisdiction over all proceedings dealing with the liquidation were vested in the 152nd Court by Article 342–806, which provides:

"Promptly after the Commissioner has acquired possession of the assets of a state bank for liquidation, he shall prepare and file in the office of the district clerk of the county of the bank's domicile an inventory of such assets, and the clerk shall assign a cause number to the proceedings so instituted. The assets of the bank shall be deemed to be in the custody of the court in which such proceedings are pending *and all suits and orders provided for under this chapter*[1] shall be deemed to be in the nature of interventions or orders in said proceedings, of which suits and orders said court shall have exclusive jurisdiction. Provided, however, that during vacation of such court, the judge thereof shall be authorized to enter any of such orders and to conduct any hearing incident thereto." (emphasis added)

"[1] Art. 342–801 et seq."

The appellant says that these provisions of Article 342–812 apply to a suit by a receiver to recover the amount due under a promissory note:

"Pursuant to the order of the district court . . . the Commissioner may . . . compromise or compound any bad or doubtful claim held by . . . such bank; and may enter into any other kind or character of contract or agreement on behalf of such bank which he deems necessary or proper to the management, conservation or liquidation of its assets . . . ."

■ We do not consider this statute applicable to our case. The F.D.I.C., acting under authority of the Banking Commissioner, did not seek through this cause of action to "compromise or compound any bad or doubtful claim held by . . . such bank," nor did it "enter into any other kind or character of contract or agreement on behalf of such bank." It merely sued to recover the proceeds due under the terms of the note.

■ The F.D.I.C. argues that Art. 342–806 places only "those suits . . . . provided for under this chapter" (Chapter 8 of the Banking Code) within the exclusive jurisdiction of the receivership court. We agree. And having examined all of the provisions of the statutes contained in Chapter 8, we hold that they do not place this suit under the exclusive jurisdiction of the receivership court. Art. 342–806 has the effect of placing the *assets* of the bank in custodia legis, but neither it nor any of the other statutes in Chapter 8 applies to suits by the receiver to recover the amount owed to the bank under a promissory note unless the receiver compromises or compounds the bank's claim or enters into an agreement concerning such recovery. See Skillern, *Closing and Liquidation of Banks in Texas*, 26 Southwestern Law Journal 830 (1970). Although the author of that authoritative article apparently lists and discusses all the actions of receivers placed by the provisions of Articles 342–806 and 342–812 within the exclusive jurisdiction of the receivership court, suits by receivers to recover for banks on promissory notes are not among those included.

The nearest precedent we have found was based on slightly different statutes but similar case law. It was held in *Chapman v. Seabury*, 263 S.W. 1107 (Tex.Civ.App. 1924, no writ), that suits by the banking commissioner or receiver to recover on behalf of the bank are not within the exclusive jurisdiction and venue of the district court of the county where the bank is domiciled, but are subject to the general venue statutes.

We overrule the appellant's first two points.

Appellant's third point of error is: "The court erred in granting the motion for summary judgment in that appellant's answer and affidavit opposing motion for summary judgment raise genuine issues as to material facts, as well as questions of law not raised by said motion for summary judgment." Appellant's argument under this point consists of a statement that his answer "raises various defenses" and that the

"summary judgment does not touch upon all of these issues," plus citation of a case holding that the movant must meet its burden of proof.

 This point of error, even when considered with the argument made under it, is too general to call our attention to any error relied on, so it does not require our attention. Rule 418, Texas Rules of Civil Procedure. Further, the "various defenses" to which he refers in argument under this point are the subject of his fourth and fifth points (collateral estoppel and necessary parties).

In those points the appellant says that the trial court erred in granting the appellee's motion for summary judgment in that (4) the pleadings establish that by a prior suit on the same cause of action, appellee was estopped from maintaining this suit and (5) there was a fundamental and fatal defect of parties in both the suits brought by the appellee on the same cause of action.

 Taking the latter point first, we hold that there was no defect in the parties to the suit. One co-maker of a promissory note is not an indispensable or necessary party to an action against the other; one principal obligor on a note may be sued either alone or jointly with the other principal obligor. Art. 1986, Vernon's Texas Civil Statutes; *Swinford v. Allied Finance Co. of Casa View,* 424 S.W.2d 298 (Tex.Civ.App. 1968, writ dis., cert. denied, 393 U.S. 923, 89 S.Ct. 253, 21 L.Ed.2d 259, 1968); *Shield v. First Coleman Nat. Bank of Coleman,* 160 S.W.2d 277 (Tex.Civ.App.1940, affirmed 140 Tex. 117, 166 S.W.2d 688, 1942). See also *Lang v. Bass,* 374 S.W.2d 900 (Tex.Civ.App. 1964, no writ).

Under his fourth point the appellant says that the F.D.I.C. was barred by the doctrine of collateral estoppel from prosecuting this case.

 A party and those in privity with him are barred by collateral estoppel from relitigation in a subsequent action of fact issues actually litigated and essential to the prior judgment. *Benson v. Wanda Petroleum Co.,* 468 S.W.2d 361 (Tex.1971); *Atchley v. Superior Oil Co.,* 482 S.W.2d 883 (Tex.Civ. App.1972, writ ref. n.r.e.).

 The appellant was neither a party to the prior suit by the F.D.I.C. against Osorio nor was he in privity to a party. Even if the doctrine of collateral estoppel was available, it would not help the appellant. The finding of liability against Osorio and in favor of the appellee on the note in the prior suit would bar relitigation of that issue in subsequent suits involving the appellee.

The judgment of the trial court is affirmed.