(No. 47433.-

CHARLES F. WOHLHUTER, Appellee, v. ST. CHARLES LUMBER & FUEL CO. *et al.*—(Ivan L. Anderson *et al.*, Appellants.)

*Opinion filed November 17, 1975.*

CREBS, J., took no part.

Geister, Schnell, Richards & Brown, of Elgin (Donald J. Weaver, of counsel), for appellants.

Shearer, O'Brien, Blood, Agrella & Boose, of St. Charles (Richard D. Shearer, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Charles F. Wohlhuter, appealed from the judgment of the circuit court of Kane County entered in favor of defendants, Ivan L. Anderson, Annette Anderson, Stanley D. Lee and Anne P. Lee, in plaintiff's action to recover on a promissory note. The appellate court reversed (25 Ill. App. 3d 812) and we allowed defendants' petition for leave to appeal. The opinion of the appellate court sets forth the facts and they are restated here only to the extent necessary to discuss the issues.

Defendants were the owners of all of the outstanding shares of the capital stock of St. Charles Lumber & Fuel Co., an Illinois corporation. Defendants Ivan L. Anderson and Stanley D. Lee, who were also directors and officers of the corporation, negotiated with plaintiff for a loan in the amount of $50,000. The promissory note given plaintiff was executed in the following manner:

| "Ivan L. Anderson | ST. CHARLES LUMBER AND FUEL CO. |
| Stanley D. Lee | By: Ivan L. Anderson (Seal) |
| | President |
| Ann P. Lee | Attest: Stanley D. Lee (Seal) |
| Annette Anderson | Secretary" |

The note, *inter alia,* provided "All signers of this note are principals." The corporation also executed a security agreement which granted plaintiff a security interest in its inventory and provided that the inventory would be maintained so that the indebtedness owed plaintiff "at all times should not exceed 80% of the value of the security."

Plaintiff filed the security agreement in the office of the recorder of deeds of Kane County but did not file either a copy of the security agreement or a financing statement in the office of the Secretary of State. See Ill. Rev. Stat. 1971, ch. 26, par. 9—401.

Defendants Ivan L. Anderson and Stanley D. Lee entered into a written agreement with The Barrett Paper Corporation, Ltd., for the sale to it of all the capital stock

of St. Charles Lumber & Fuel Co. Barrett agreed to "indemnify and hold harmless Ivan L. Anderson and Stanley Lee from \*\*\* any personal obligations and liability which they might have on a certain note secured by a chattel mortgage in which the payee is one Charles Wohlhuter \*\*\*." Plaintiff was advised of the transaction and received from Barrett a payment on the principal indebtedness evidenced by the note. Subsequently, St. Charles Lumber & Fuel Co., having encountered financial difficulties, sold its inventory to another company. At that time the inventory was of value sufficient to satisfy plaintiff's security interest. The purchaser was unaware of plaintiff's security interest and the inventory was "consumed."

The promissory note given plaintiff contained a cognovit clause and plaintiff obtained judgment by confession for the balance due, interest, attorney fees and costs. Defendants' motion to open up the judgment was allowed. Following a bench trial the circuit court found that plaintiff had failed to properly file a financing statement to perfect his security interest in the inventory, that he had unjustifiably impaired the collateral and that under section 3—606(1)(b) of the Uniform Commercial Code (Ill. Rev. Stat. 1971, ch. 26, par. 3—606(1)(b)) the defendants were discharged from liability.

In reversing the judgment the appellate court held that the defense of unjustifiable impairment of collateral under section 3—606 is available only to known sureties and did not serve to discharge principals or co-makers.

Section 3—606 of the Uniform Comercial Code, in pertinent part, provided:

> "(1) The holder discharges any party to the instrument to the extent that without such party's consent the holder
>
> \* \* \*
>
> (b) unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse."

Defendants contend that the "intent and literal meaning" of section 3—606 of the Uniform Commercial Code is that the unjustifiable impairment of collateral serves to discharge any party to the instrument from liability and that in limiting its application to "known sureties" the appellate court erred. They argue further that the evidence shows that defendants were accommodation makers, in the position of sureties with a right of recourse against the corporate maker, and therefore, under the appellate court's construction of the statute, they were relieved of liability.

We agree with the appellate court that "On its face, UCC section 3—606 would appear to apply to *any* party to the instrument." (25 Ill. App. 3d 813, 816.) We also agree that the defense of impairment of collateral under section 3—606 was not available to defendants for the reason that they executed the note as co-makers.

Section 191 of the Illinois Negotiable Instrument Law (Ill. Rev. Stat. 1959, ch. 98, par. 21 *et seq.*), repealed upon enactment of the Uniform Commercial Code (Ill. Rev. Stat. 1961, ch. 26, par. 10—102), provided:

> "The person 'primarily' liable on an instrument is the person who, by the terms of the instrument, is absolutely required to pay the same. All other parties are 'secondarily' liable." Ill. Rev. Stat. 1959, ch. 98, par. 214.

The Uniform Negotiable Instruments Law (5 Uniform Laws Annotated 1943, sec. 192) contained the same provision. Section 120 of the Uniform Negotiable Instruments Law dealt with "Persons Secondarily Liable—How Discharged." Paragraphs 4 and 5 of section 119 of the Illinois Negotiable Instrument Law contained substantially the language of paragraphs (5) and (6) of section 120 of the Uniform Law, with the exception that there was added to each paragraph the words "or unless the principal debtor be an accommodating party." (Ill. Rev. Stat. 1959, ch. 98, par. 141.) Paragraphs (5) and (6) of section 120 of the Uniform Law made no mention of accommodation parties.

Part 6 of article 3 of the Uniform Commercial Code (ch. 26, par. 3—601) concerns "Discharge of Parties" and section 3—606(1)(b) of the Uniform Commercial Code had no counterpart in the Negotiable Instrument Law. The Uniform Commercial Code Comment to section 3—606 states:

> "The words 'any party to the instrument' remove an uncertainty arising under the original section. [Section 120 Uniform Negotiable Instruments Law.] The surety-ship defenses here provided are not limited to parties who are 'secondarily liable,' but are available to any party who is in the position of a surety, having a right of recourse either on the instrument or dehors . it, including an accomodation maker or acceptor known to the holder to be so.
>
> \* \* \*
>
> Paragraph (b) of subsection (1) is new. The surety-ship defense stated has been generally recognized as available to indorsers or accomodation parties. As to when a holder's actions in dealing with collateral may be 'unjustifiable', the section on rights and duties with respect to collateral in the possession of a secured party (Section 9—207) should be consulted." Smith-Hurd Annotated Statutes, ch. 26, par. 3—606, pages 411-12.

In our opinion the legislative history of the Uniform Commercial Code and its predecessor, the Negotiable Instrument Law, supports the conclusion that the term "any party" as used in section 3—606 of the Uniform Commercial Code was intended to include parties who sign negotiable instruments ostensibly as makers but who are in fact sureties or accomodation makers, and that the provisions of section 3—606(1)(b) do not apply to co-makers. The record here supports no conclusion other than that defendants were co-makers, and not sureties or accommodation makers, and the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE CREBS took no part in the consideration or decision of this case.