William D. HOOPER et al., Appellants,

v.

John T. RYAN, Appellee.

No. 5996.

Court of Civil Appeals of Texas, Waco.

April 19, 1979.

Rehearing Dismissed for Want of Jurisdiction May 24, 1979.

A. D. Emerson, Shwiff, Caraway & Emerson, Dallas, for appellants.

Bill Glaspy, Mesquite, for appellee.

OPINION

McDONALD, Chief Justice.

Plaintiffs Hooper and Baker were payees of a $25,000. installment note, secured by lien on an apartment house, executed by co-makers defendant Ryan and C. K. Booker. The note was paid down to $24,000. and defaulted. Plaintiffs caused trustee's sale to be had on the property and bought it in

for $14,000., leaving a deficiency on the note of $10,000. Plaintiffs filed this suit for such deficiency against defendants Ryan and C. K. Booker. After such suit was filed Booker paid plaintiffs $300. cash plus a $3,000. installment note secured by real estate, and for such plaintiffs agreed to release Booker for "his liability in the judgment and his liability only".

Plaintiffs then nonsuited as to Booker.

Trial was to a jury which found:

1) Plaintiff Hooper without the consent of defendant Ryan unjustifiably impaired collateral for the note.

2) Plaintiff Hooper without the consent of defendant Ryan released co-maker Booker without an express reservation of rights that Ryan had a right of recourse against Booker.

Plaintiffs moved for judgment non obstante veredicto. The trial court rendered judgment on such verdict that plaintiffs take nothing against defendant Ryan.

Plaintiffs appeal on 11 points contending:

1) Issue 1 is immaterial since impairment of collateral is not a defense available to a co-maker.

2) Issue 2 is immaterial since the payee of a note is not required to obtain the permission of a co-maker before releasing another co-maker, and is not required to make a reservation of rights expressly reserving the right of a co-maker to sue another co-maker.

3) The trial court erred in overruling plaintiffs' motion for judgment non obstante.

Defendant Ryan and Booker were co-makers of a note upon which there was a balance due of $10,000. Plaintiffs were payees of such note. Plaintiffs sued Ryan and Booker for the $10,000.; thereafter accepted $3,300. from Booker and "released him from his liability only", and continued suit against defendant Ryan. The trial court rendered judgment plaintiffs take nothing.

A co-maker's liability to a payee is joint and several; the release of one co-maker of a joint obligation does not serve to release the other co-maker; and the payee of the note may sue any co-maker alone or jointly with the other principal obligor. One co-maker if prejudiced by action against him alone is entitled to contribution from the other co-maker for any excess of his prorata that he is compelled to pay. *Gaines v. Gaines,* (Tex.Civ.App. Fort Worth) NWH, 119 S.W.2d 427; *Shield v. First Coleman National Bank* (Tex.Civ.App. Austin), 160 S.W.2d 277; affirmed 140 Tex. 117, 166 S.W.2d 688; *Palmer v. FDIC* (Tex. Civ.App. Houston 1), NRE, 527 S.W.2d 788; *Reed v. Buck,* Tex., 370 S.W.2d 867; *Bute v. Brainerd,* 93 Tex. 137, 53 S.W. 1017; Article 1986 VATS.

Defendant Ryan asserts that Section 3.606 Uniform Commercial Code applies to a co-maker and precludes his liability to plaintiffs.

Section 3.606 UCC provides: Impairment of Recourse or of Collateral.

"1) The holder discharges *any party*[1] to the instrument to the extent that without such party's consent the holder:

"a) without express reservation of rights releases * * *  *any person*[1] against whom the party has to the knowledge of the holder a right of recourse * * *.

"b) unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse".

Section 3.606 of the Uniform Commercial Code applies to sureties and not to co-makers. *Wohlhuter v. St. Charles Lbr. & Fuel Co.,* 62 Ill.2d 16, 338 N.E.2d 179; *Hallowell v. Turner* 95 Idaho 392, 509 P.2d 1313. The court in *Wohlhuter* said:

"Defendants contend that the 'intent and literal meaning' of Section 3—606 of the Uniform Commercial Code is that the unjustifiable impairment of collateral serves to discharge *any party* to the instrument from liability and that in limiting its ap-

---

1. Emphasis added.

plication to 'known sureties' the appellate court erred. * * *

"We agree with the appellate court that 'On its face UCC Section 3—606 would appear to apply to *any* party to the instrument.' * * We also agree that the defense of impairment of collateral under Section 3–606 was not available to defendants for the reason that they executed the note as co-makers".

Plaintiffs' contentions are sustained.

The judgment of the trial court is reversed and judgment here rendered for plaintiffs for $6,700.

REVERSED AND RENDERED.