[No. 11725-4-I.   Division One.   July 16, 1984.]

SEATTLE–FIRST NATIONAL BANK, *Appellant,* v. SEUNG U. KIM, ET AL, *Respondents.*

---

*Anderson, Hunter, Dewell, Baker & Collins, P.S.,* and *Lee B. Tinney,* for appellant.

*Michael W. Herb,* for respondents.

WILLIAMS, J.—Seattle–First National Bank brought this action against Seung U. Kim, Vivid Professional Color Lab, Inc., and Frontier Bank seeking to recover on a dishonored check in the amount of $2,000. Early in the proceedings, Sea–First voluntarily dismissed (with prejudice) its action against Frontier. Later, Sea–First's motion for summary judgment against Vivid was granted. After a nonjury trial, the trial court ruled that pursuant to RCW 62A.3–606(1)(a) Sea–First's dismissal of its action against Frontier acted to discharge Kim of his liability as an endorser on the check. Sea–First appeals from the subsequent judgment of dismissal entered in favor of Kim. We reverse.

These are the facts. Kim was the president of Vivid Professional Color Lab, Inc. On October 22, 1980, he made out a check in the amount of $2,000 payable to himself, on Vivid's Frontier Bank checking account. He endorsed the check and presented it at the Lynnwood branch of Sea–First. Sea–First then took the check for value and paid Kim $2,000. Later that day, a Frontier employee notified Sea–First that Vivid had placed a "stop" order on the check but Sea–First had already placed the check in normal banking channels for presentment to Frontier. When presented for payment, Frontier refused to accept the check and returned it to Sea–First stamped "payment stopped." A formal written demand and notice of dishonor were served upon Kim who refused to repay the $2,000. Sea–First then instituted this action.

On June 9, 1981, an ex parte order was entered at the instance of Sea–First dismissing Frontier "with prejudice." There was no reservation of rights in the order and Sea–First did not notify Kim that it would be presenting the order for entry.

The parties to the negotiable instrument (the check) are as follows: Kim is the payee and an endorser; Vivid is the drawer (by virtue of Kim's signature on behalf of the corporation as its agent); Frontier is the drawee or payor bank; and Sea–First is the holder.

A check or draft is not an assignment of funds and the drawee/payor bank is not liable on the instrument unless it accepts the instrument. RCW 62A.3–409(1). Frontier refused to accept the check and thus was not liable on it. Hence, Sea–First properly dismissed its action against Frontier.

Because Kim endorsed the check he is liable to the holder (Sea–First) on it "according to its tenor at the time of his indorsement . . ." RCW 62A.3–414(1).

The court ruled that Kim was discharged from liability because of RCW 62A.3–606(1) which provides, in pertinent part:

> The holder discharges any party to the instrument to the extent that without such party's consent the holder
>
> (a) without express reservation of rights releases or agrees not to sue any person against whom the party has to the knowledge of the holder a right of recourse . . .

█ The rule is that "the defenses enumerated in section 3–606 of the UCC, upon which the trial court ruled, are available only to known sureties." *Wohlhuter v. St. Charles Lumber & Fuel Co.*, 25 Ill. App. 3d 812, 323 N.E.2d 134, 136, *aff'd,* 62 Ill. 2d 16, 338 N.E.2d 179 (1975). *Accord, United States v. Unum, Inc.*, 658 F.2d 300, 304 (5th Cir. 1981); *Federal Deposit Ins. Corp. v. Webb*, 464 F. Supp. 520, 525 (E.D. Tenn. 1978); *Main Bank v. Baker*, 86 Ill. 2d 188, 427 N.E.2d 94, 101 (1981); *Farmers State Bank v. Cooper*, 227 Kan. 547, 608 P.2d 929, 933–34 (1980); *Provident Bank v. Gast*, 57 Ohio St. 2d 102, 386 N.E.2d 1357,

1359 (1979); *Hooper v. Ryan,* 581 S.W.2d 237, 238–39 (Tex. Civ. App. 1979); *Peoples Bank v. Pied Piper Retreat, Inc.,* 209 S.E.2d 573, 578 (W. Va. 1974); U.C.C. § 3–606, Official Comment 1.

Kim was primarily liable on the instrument as an endorser. He was not secondarily liable as a surety nor was he in the position of a surety. Thus, the defenses enumerated in RCW 62A.3–606 are not available to him.

Judgment should be entered in favor of Sea–First and against Kim for the principal amount of the check, $2,000, plus interest at the legal rate. In addition, pursuant to RCW 4.84.290, Sea–First is awarded $393 for costs and $1,000 for attorney's fees on appeal. On remand, the trial court shall award Sea–First additional attorney's fees pursuant to RCW 4.84.250 and RCW 4.84.260.

Reversed and remanded.

SWANSON and SCHOLFIELD, JJ., concur.

Review denied by Supreme Court October 19, 1984.